**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

VIRAJ, LLC, <u>et</u> <u>al.</u>,         :
                                    :
        Plaintiffs,         :
                                    :
        v.                  :       CIVIL ACTION NO.
                                    :       2:12-CV-00127-RWS
ERIC H. HOLDER, JR., <u>et</u> <u>al.</u>,   :
                                    :
        Defendants.     :
                                    :

## <u>ORDER</u>

This case comes before the Court on Defendants Eric H. Holder, Jr., U.S. Attorney General; Alejandro (Ali) Mayorkas, Director, U.S. Citizenship and Immigration Services ("USCIS"); and Sally Quillian Yates's, U.S. Attorney, United States Attorney's Office for the Northern District of Georgia, (collectively "Defendants") Motion for Summary Judgment [13] and Plaintiffs Viraj, LLC ("Viraj") and Ramesh Babu Nukathoti's ("Nukathoti") (collectively "Plaintiffs") Cross-Motion for Summary Judgment [28].  After reviewing the record, the Court enters the following Order.

AO 72A
(Rev.8/82)

## Background

Plaintiffs initiated this action, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, to challenge the denial of Viraj's employment petition under the Immigration and Nationality Act ("INA"). The Court sets out the relevant provisions of the INA before setting out the undisputed facts of the case.

## I.  Relevant Provision of the INA

Section 1153(b)(2)(A) of the INA provides that an alien may be admitted to the United States as an "employment-based second preference immigrant" (or "EB-2" immigrant) based on permanent employment as an advanced degree professional.  8 U.S.C. § 1153(b)(2)(A).[1]  The determination of whether an employer's job position qualifies under the statute for purposes of hiring an EB-2 immigrant has been delegated to the Secretary of Homeland Security, 8 U.S.C. § 1103(a)(1), and sub-delegated to USCIS, 8 C.F.R. § 2.1, Secretary of Homeland Security's Delegation Order No. 0150.1, § 2(W) (Mar. 1, 2003).

---

[1] This provisions states, in pertinent part, "Visas shall be made available . . . to qualified immigrants who are members of the professions holding advanced degrees or their equivalent . . . and whose services in the sciences, arts, professions, or business are sought by an employer in the United States."  8 U.S.C. § 1153(b)(2)(A).

USCIS also determines whether the alien the employer seeks to hire is a professional holding an advanced degree and qualified for the employer's job position. 8 U.S.C. § 1154(b); 8 C.F.R. § 204.5(k)(3)(i).

Before filing a petition with USCIS to classify an alien as an employment-based immigrant, an employer first must obtain a labor certification on behalf of the alien by filing with the Department of Labor ("DOL") an Application for Permanent Employment Certification (ETA Form 9089). 20 C.F.R. § 656.17(a)(1). When the DOL considers an ETA-9089, it determines, among other things, whether the employer set forth its actual minimum job requirements and specified job requirements that are normal for the employment position in question. 20 C.F.R. § 656.17(e)-(i). The DOL's approval of an ETA-9089 certifies that there are not sufficient United States' workers available "who are able, willing, qualified . . . and available at the time of [the] application . . . and at the place where the alien is to perform such skilled or unskilled labor, and the employment of such alien will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1182(a)(5)(A)(i)(I).

Once the DOL certifies its approval of the employer's ETA-9089, the employer may file a Form I-140 Petition for Alien Worker ("I-140 Petition") with USCIS to classify the alien beneficiary named in the labor certification as an EB-2 immigrant.  8 C.F.R. § 204.5(c).  USCIS retains the ultimate authority to determine whether the alien beneficiary is qualified for EB-2 immigration status.  8 C.F.R. § 204.5(k)(3)(i); Matter of Silver Dragon Chinese Restaurant, 19 I & N Dec. 401, 406 (Comm'r. 1986).[2]

To qualify as an EB-2 immigrant, the employer's job position must require an advanced degree or its foreign equivalent, 8 U.S.C. § 1153(b)(2)(A), 8 C.F.R. § 204.5(k)(4), and the alien beneficiary named in the labor certification must possess an advanced degree,  8 C.F.R. § 204.5(k)(3).  See also USCIS Adjudicator's Field Manual § 22.2(j)(1)(A) ("To qualify for this immigrant classification . . . the alien must be a member of the professions holding an advanced degree or foreign equivalent.").  Moreover, the alien beneficiary must satisfy all of the education, training, and experience requirements specified in

---

[2] Precedent decisions issued by the legacy INS or the AAO are binding on the Department of Homeland Security and its subagency, USCIS.  8 C.F.R. § 103.3(c).

the employer's ETA-9089 and in the labor certification.  <u>Matter of Wing's Tea House</u>, 16 I. & N. Dec. 158, 160 (Act. Reg. Comm. 1977).

As stated above, to qualify under the EB-2 classification, the alien beneficiary must hold an advanced degree or its equivalent.  8 U.S.C. § 1153(b)(2)(A).  The governing regulations define "advanced degree" to mean "any United States academic or professional degree or a foreign equivalent degree above that of baccalaureate."  8 C.F.R. § 204.5(k)(2).  Under this regulation, as interpreted by USCIS, an alien must possess "a U.S. master's degree or higher, or a foreign degree evaluated to be the equivalent of a U.S. master's degree or higher" to satisfy the "advanced degree" requirement.[3] <u>USCIS Adjuster's Field Manual</u> § 22.2(j)(1)(B).  Thus, "[a]n alien who does not possess at least a U.S. bachelor's degree or a foreign equivalent degree will be ineligible for [the EB-2] classification."  <u>Id.</u>  Against this regulatory framework,

_____

[3] An alien may also satisfy this requirement by holding "a U.S. bachelor's degree, or a foreign degree evaluated to be the equivalent of a U.S. bachelor's degree, plus five years of progressive, post-degree work experience."  <u>Id.</u>  As discussed below, however, Viraj's ETA-9089 provided that this alternative combination of education plus experience would <u>not</u> be acceptable for the employment position at issue.  (Defs.' SMF, Dkt. [13-1] ¶ 5.)  Viraj's ETA-9089 instead provided that the actual, minimum requirement for the employment position at issue was a "Master's" degree in the "Science or Engineering" field of study.  (<u>Id.</u> ¶ 3.)

5

the Court considers the facts of this case and the claims raised in Plaintiffs'

Complaint.

## II.    Denial of Viraj's Immigration Petition[4]

Viraj is a software development and IT consulting company.  (Defs.'

SMF, Dkt. [13-1] ¶ 1.)  On December 14, 2006, Viraj filed an ETA-9089 with

the DOL for a Software Engineer position.  (Id. ¶ 2.)  Viraj indicated on the

ETA-9089 that the actual, minimum requirement for the Software Engineer

position is a master's degree in the science or engineering field of study.  (Id. ¶

3.)  The ETA-9089 further provided that an alternative combination of

education and experience would not be acceptable.  (Id. ¶ 5.)  The DOL

approved Viraj's ETA-9089 on December 20, 2006.  (Id. ¶ 7.)

Viraj subsequently filed an I-140 Petition, naming Nukathoti, a citizen

and national of India, as the intended beneficiary.  (Id. ¶¶ 9, 11.)  Viraj sought

---

[4] The Court's review of an agency's action under the APA is limited to the administrative record on which the agency based its decision.  5 U.S.C. § 706; see also Camp v. Pitts, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").  Defendants filed a Statement of Undisputed Material Facts As To Which There Is No Genuine Issue To Be Tried ("Statement of Material Facts" or "SMF"), Dkt. [13-1], which provides citations to the Administrative Record ("AR") in this case.  Plaintiffs do not dispute any of these facts.  For convenience, citations generally are provided only to Defendants' Statement of Material Facts.

to employ Nukathoti permanently in the United States as a Software Engineer. (Id. ¶ 10.)  Along with the I-140 Petition, Viraj submitted supporting documents, including a copy of Nukathoti's three-year Bachelor of Science, awarded to him from the University of Osmania in India in 1995, and two-year Master of Science, awarded to him from the same in 1997.  (Id. ¶ 12.)

After reviewing the I-140 Petition and the then-available documentary evidence, USCIS concluded, on September 2, 2008, that Viraj failed to establish that Nukathoti satisfied the minimum education requirements set out in the ETA-9089 and labor certification.  (Id. ¶ 15.)  USCIS concluded that because Nukathoti had only completed a three-year Bachelor of Science, he lacked the foreign equivalent degree to a United States bachelor's degree.  (Id. ¶ 16; see also AR 44 ("Based on the evidence presented, a three year Bachelor of Science degree is not a 'foreign equivalent degree' to a United States bachelor's degree. A United States bachelor's degree generally requires four years of education.") (citing Matter of Shah, 17 I. & N. Dec. 244 (Reg. Comm. 1977)[5].)  USCIS further determined that Nukathoti's Master of Science was not a foreign

_____

[5] It was determined in Matter of Shah that a degree obtained from an Indian university after a three-year course of study was not equivalent to a United States baccalaureate degree, which usually requires four years of study.

7

equivalent degree to a United States master's degree.  (Defs.' SMF, Dkt. [13-1]

¶ 17; see also AR at 44 ("Based on the same reasoning, the beneficiary's Master

of Science degree in Botany will not be considered the 'foreign equivalent

degree' to a United States master's degree for purposes of this preference visa

petition, since admission to a graduate school in the United States generally

requires that an individual has earned a bachelor's degree after four years of

study . . . .  The beneficiary has only completed the equivalent of three years of

study at a university in the United States prior to his enrollment in the Master of

Science degree program in Botany program at Osmania University in India.").)

Accordingly, USCIS denied Viraj's I-140 Petition.  (Id. ¶ 18.)

        After USCIS denied the I-140 Petition, Viraj submitted to USCIS a

credentials evaluation from Pratap P. Reddy of IndoUS Technology &

Educational Services Inc., contending that Nukathoti's three-year bachelor's

degree from Osmania University was equivalent to a four-year bachelor's of

science degree from an accredited college or university in the United States.

(Id. ¶ 13.)  Mr. Reddy further opined that Nukathoti's Master of Science in

Botany from Osmania University is equivalent to a Master of Science from an

accredited college or university in the United States.  (Id. ¶ 14.)

8

On or about October 2, 2008, Viraj filed a Motion to Reconsider USCIS's denial of its I-140 Petition.  (Id. ¶ 19.)  Viraj first argued that USCIS erred in its interpretation of Nukathoti's qualifications.  (Id.)  In support of this argument, Viraj submitted written statements from three professors at various United States universities.  (Id. ¶ 20.)  One of these stated that a three year bachelor's degree from a foreign university does not, by itself, destroy the equivalency of a master's degree.  (Id. ¶ 22.)  Viraj also submitted evaluations of his educational credentials from IndoUS Technology & Educational Services, Inc. and Silvergate Evaluations, Inc.  (Id. ¶¶ 21, 23.)  These evaluations stated that Nukathoti's foreign master's and bachelor's degrees are equivalent to master's and bachelor's degrees from an accredited American college.  (Id. ¶ 23.)  Additionally, in the Motion for Reconsideration, Viraj argued for the first time that Nukathoti obtained more than five years of experience after earning his master's degree and therefore qualified for the EB-2 classification based on his bachelor's degree in combination with his five-plus years of experience.  (Id. ¶ 24.)

On November 24, 2008, USCIS denied Viraj's Motion to Reconsider, upholding its denial of the I-140 Petition.  (Id. ¶ 25.)  USCIS denied the motion

9

on grounds that Viraj's ETA-9089 required a master's degree in science or engineering, which Nukathoti did not have.  (Id.)  Additionally, USCIS found that "there [was] no indication on the Form ETA-9089 that an alternate level of education such as a bachelor's degree, or five years of progressive experience in the specialty [was] acceptable in order to qualify for the position."  (Id. ¶ 26.) USCIS concluded that Viraj "failed to establish that the decision was incorrect based on the evidence of record at the time of the initial decision" and continued to deny Viraj's I-140 Petition.  (Id. ¶ 27.)

On December 24, 2008, Viraj filed a Notice of Appeal with the Administrative Appeals Office ("AAO").  (Id. ¶ 28.)  As part of this appeal, Viraj submitted one new letter from a university professor, evaluating Nukathoti's credentials, as well as new evaluations from Marquess Educational Consultants, Career Consulting International, and International Credentials Evaluation Services.  (Id. ¶ 29.)  Viraj also submitted "liaison minutes" from the American Immigration Lawyers Association ("AILA") and letters of interpretation from the Immigration and Naturalization Services ("INS") and USCIS personnel directors.  (Id. ¶ 30.)

10

On January 9, 2012, in response to the Notice of Appeal, the AAO issued

a Request for Evidence to Viraj.  (Id. ¶ 31.)  The Request for Evidence asked

for the following information for each beneficiary for whom Viraj had filed a

Form I-140 during the period of December 14, 2006 through January 9, 2012:

> the full name of the beneficiary; receipt number and priority date
> of each petition; exact dates the beneficiary was employed;
> whether the petition(s) are pending or inactive (meaning that the
> petition has been withdrawn, the petition has been denied but is not
> on appeal, or the beneficiary has obtained lawful permanent
> residence); the proffered wage listed on the labor certification
> submitted with each petition; the wage paid to each beneficiary
> from the priority date of the instate petition (December 14, 2006)
> to the present; and copies of Forms W-2 or 1099 issued to each
> beneficiary from the priority date of the instant petition (December
> 14, 2006) to the present.

(Id. ¶ 32.)  The AAO also requested that Viraj provide the following

information for every H-1B worker employed by Viraj since the priority date of

the instant petition:

> full name; receipt number for each Form I-129, Petition for a
> Nonimmigrant Worker, and a copy of the associated Labor
> Condition Application; exact dates employed; title and required
> H-1B wage; actual wage paid; and the Forms W-2 issued to each
> H-1B worker form the priority date of the instant petition to the
> present.

11

(Id. ¶ 33.)  Finally, the AAO requested that Viraj provide its annual reports, federal tax returns and/or audited financial statements for 2007, 2008, 2009, and 2010, along with any Forms W-2 or 1099s that Viraj issued to Nukathoti for 2007, 2008, 2009, 2010, and 2011.  (Id. ¶ 34.)

On or about February 24, 2012, Viraj responded to the AAO's Request for Evidence.  (Id. ¶ 35.)  Viraj's submissions to the AAO included copies of Nukathoti's W-2s from 2005 through 2011 and portions of Viraj's tax returns from 2008 to 2010.  (Id. ¶ 36.)  Viraj declined to produce evidence relating to petitions it had filed for other beneficiaries.  (Id. ¶ 37.)

On April 3, 2012, following a de novo review, the AAO dismissed Viraj's appeal and affirmed USCIS's denial of its I-140 Petition.  (Id. ¶ 38.) The AAO stated "the primary issue" presented on appeal to be "whether [Nukathoti] possessed the minimum level of education stated on the labor certification."  (AR at 329, Dkt. [25-1] at 7 of 13.)  The AAO concluded that he did not.  (Defs.' SMF, Dkt. [13-1] ¶¶ 39-48.)

In reaching this conclusion, the AAO relied on information obtained from the Electronic Database for Global Education ("EDGE"), a web-based resource for the evaluation of foreign education credentials created by the American

12

Association of Collegiate Registrars and Admissions Officers ("AACRAO")[6];

according to EDGE, a Master of Science from India is comparable to a United

States bachelor's degree.  (Id. ¶¶ 41, 43.)  The AAO also considered the

credentials evaluations submitted by Viraj.  (Id. ¶¶ 46-48.)  The AAO found the

evaluations unpersuasive because they (1) failed to compare Nukathoti's

education in India to a U.S. master's degree program or combined

bachelor's/master's degree program; (2) failed to address the actual course of

study followed by Nukathoti; (3) were not peer-reviewed or based on peer-

reviewed materials; and (4) contained unsubstantiated conclusions.  (Id.)  Thus,

the AAO concluded that Viraj's I-140 Petition properly was denied because the

ETA-9089 required, at a minimum, a master's degree, and Nukathoti's foreign

education was comparable only to a United States bachelor's degree.[7]  (Id. ¶¶

39, 44.)

---

[6] USCIS recognized that, unlike other foreign credential evaluators, "[a]uthors for EDGE are not merely expressing their personal opinions.  Rather, they must work with a publication consultant and a Council Liaison with AACRAO's National Council on the Evaluation of Foreign Educational Credentials."  (Id. ¶ 42.)

[7] The AAO found the I-140 Petition properly denied on two other grounds, namely, that Viraj (1) failed to establish that it could afford to pay Nukathoti the proffered wage, and (2) failed to comply with USCIS's Request for Evidence.  (Id. ¶¶ 49-50.)

AO 72A
(Rev.8/82)

On May 31, 2012, Plaintiffs filed a Complaint in this Court under the APA, challenging the denial of Viraj's employment petition as "arbitrary and capricious" (Count I) and a violation of the equal protection clause of the Fourteenth Amendment (Count II).  (<u>See generally</u> Compl., Dkt. [1].)  Both parties now move for summary judgment.

<b>Discussion</b>

## I.      Summary Judgment Legal Standard

Federal Rule of Civil Procedure ("Rule") 56 requires that summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  <u>Hickson Corp. v. N. Crossarm Co.</u>, 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (internal quotations omitted)).  Where the moving party makes such a showing, the burden shifts to the non-movant, who

14

must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257  (1986).

The applicable substantive law identifies which facts are material.  Id. at 248.  A fact is not material if a dispute over that fact will not affect the outcome of the suit under the governing law.  Id.  An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249-50.

Finally, in resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002).  But, the court is bound only to draw those inferences which are reasonable.  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations

15

omitted); <u>see also</u> <u>Matsushita</u>, 475 U.S. at 586 (once the moving party has met

its burden under Rule 56(a), the nonmoving party "must do more than simply

show there is some metaphysical doubt as to the material facts").

## II.    **Defendants' Motion for Summary Judgment [13]**

     A.    <u>Preliminary Matter</u>

As a preliminary matter, Defendants move to dismiss Nukathoti for lack

of standing pursuant to Rule 12(b)(1).  (Defs.' Mem. of Law in Supp. of Mot.

for Summ. J. ("Defs.' Mem."), Dkt. [13-2] at 2 n.2.)  Defendants point to 8

C.F.R. § 103.3(a)(1)(iii)(B), which provides that only an "affected party" can

appeal the denial of an I-140 Petition.  <u>Id.</u>  "[A]ffected party . . . means the

person or entity with legal standing in a proceeding."  8 C.F.R.

§ 103.3(a)(1)(iii)(B).  "It does not include the <u>beneficiary</u> of a visa petition."

<u>Id.</u> (emphasis added).  It is undisputed that Nukathoti is the "beneficiary" of the

petition at issue.  As a result, Nukathoti does not have standing to appeal the

denial of the I-140 Petition, and, accordingly, is **DISMISSED** pursuant to Rule

12(b)(1).  The Court now considers Defendants' Motion for Summary

Judgment on Viraj's claims.

16

B.     <u>Standard of Review under the APA</u>

Under the APA, a court may set aside agency action only if it is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).   This standard of review is "exceedingly deferential":

> To determine whether an agency decision was arbitrary and capricious, the reviewing court must consider whether the decision was based on a consideration of the relevant facts and whether there has been a clear error of judgment.  This inquiry must be searching and careful, but the ultimate standard of review is a narrow one.  Along the standard of review continuum, the arbitrary and capricious standard gives an appellate court the <u>least</u> latitude in finding grounds for reversal; administrative decisions should be set aside in this context only for substantial procedural or substantive reasons as mandated by statute, not simply because the court is unhappy with the result reached.

<u>Citizens for Smart Growth v. Sec'y of Dep't of Transp.</u>, 669 F.3d. 1203, 1210 (11th Cir. 2012) (emphasis in original) (citations omitted).

Moreover, as stated in footnote four, <u>supra</u>, the focal point of the court's review is the administrative record that was before the agency at the time the disputed action was taken.  <u>Camp</u>, 411 U.S. at 142.  "[T]he court's role is to ensure that the agency came to a rational conclusion, not to conduct its own investigation and substitute its own judgment for the administrative agency's

17

decision." <u>Leal v. Sec'y, U.S. Dep't of Health & Human Servs.</u>, 620 F.3d 1280

(11th Cir. 2010).  <u>See also</u> <u>Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto.</u>

<u>Ins. Co.</u>, 463 U.S. 29, 43 (1983) (reviewing court must ensure that agency

examined the relevant data and articulated a "rational connection between the

facts found and the choice made").  Finally, when an agency interprets its own

regulation, the Court must accept the agency's interpretation as correct unless it

is "plainly erroneous or inconsistent with the regulation."  <u>Coeur Alaska, Inc. v.</u>

<u>Southeast Alaska Conservation Council</u>, 557 U.S. 261, 274-275 (2009) (citation

omitted).

     <u>C.</u>    <u>Analysis</u>

         *1.*   *Count I*

    In Count I of the Complaint, Viraj alleges that the denial of its

employment petition was "arbitrary and capricious" and, therefore, due to be set

aside under the APA.  (Dkt. [1] ¶¶ 8-28.)  Defendants argue, among other

things, that the agency's decision should not be disturbed because USCIS and

the AAO properly concluded that Nukathoti did not possess an "advanced

degree" so as to qualify for EB-2 immigrant status and satisfy the minimum

18

requirements set out in the labor certification.[8]  (Defs.' Mem., Dkt. [13-2] at 13-17.)  In particular, Defendants contend that the AAO properly determined that Nukathoti's three-year Bachelor of Science combined with his two-year Master of Science, each obtained from Osmania University in India, were equivalent only to a United States bachelor's degree.  (Id. at 13-14.)

In response, Viraj argues, among other things, that Nukathoti does have an "advanced degree" because his total years of education lead to a degree that is "above that of baccalaureate."  (Pls.' Mem. of Law in Resp. to Defs.' Mot. for Summ. J. & in Supp. of Pls.' Mot. for Summ. J. ("Pls.' Mem."), Dkt. [28] at 5 (citing 8 C.F.R. § 204.5(k)(2).)  Viraj's argument is as follows:

> The regulation [defining advanced degree, 8 C.F.R. § 204.5(k)(2)] is clear and unambiguous, providing that any degree **above** bachelor shall be considered as advanced degree.  It is undisputed that beneficiary completed at least total 5-year college education before it received his MS degree (3-year BS and 2-year MS . . .). We all agree that bachelor requires no more than 4 years, not 5 years.  Then, a simple question is: is the beneficiary's MS, consisting of a 3-year BS program plus 2-year MS program, **above** that of baccalaureate? In other words, is 5 **above** 4?  We believe

---

[8] Defendants also argue the denial of Viraj's petition was proper because the AAO correctly found that Viraj failed to establish he could afford to pay Nukathoti's proffered wage (id. at 23-24) and failed to comply with the AAO's Request for Evidence (id. at 24-25).

> any elementary school student can answer this question, i.e., 5 is,
> of course, above 4.  This is a simple answer.

(Id. (emphasis in original); see also id. at 6 ("Any reasonable person would

agree that a master's degree based on 5-year college is **above** bachelor's degree

because bachelor's degree requires no more than four years.") (emphasis in

original).)

Having considered Viraj's arguments, the Court cannot find that the

denial of Viraj's I-140 Petition was arbitrary or capricious.  On the contrary, the

Court finds that USCIS and the AAO reasonably denied the petition on grounds

that Nukathoti did not possess an "advanced degree," as required to obtain EB-2

immigrant status, or satisfy the minimum education requirements set out in the

ETA-9089 and labor certification (i.e., a master's degree in science or

engineering).

As discussed in the Background section, supra, in evaluating Nukathoti's

education credentials, USCIS and the AAO relied in part on EDGE's

determination that a Master of Science in India is comparable only to a

bachelor's degree in the United States.  (Defs.' SMF, Dkt. [13-1] ¶¶ 41-43.)

USCIS found that, unlike other foreign credential evaluators,"[a]uthors for

20

EDGE are not merely expressing their personal opinions" but, rather, "work with a publication consultant and a Council Liaison with AACRAO's National Council on the Evaluation of Foreign Education Credentials."[9]  (Id. ¶ 42.) USCIS explained that a three-year Bachelor of Science is not a "foreign equivalent degree" to a United States's Bachelor of Science because a bachelor's degree in the United States requires four years of education.  (Id. ¶ 16.)  Thus, Nukathoti's Master of Science, predicated only on a three-year bachelor's degree, was not the "foreign equivalent degree" to a United States's Master of Science.  (Id. ¶ 17.)  This conclusion is not arbitrary or capricious even though, as Viraj argues, Nukathoti possessed five years of cumulative higher education.[10]

In affirming USCIS's denial of Viraj's petition, the AAO reviewed the opinions and credentials evaluations submitted by Viraj in support of its

---

[9] Another court has recognized that the AAO's reliance on information provided by the AACRAO is reasonable.  See Confluence Int'l v. Holder, No. 08-2665 (DSD/JJG), 2009 WL 825793, at *4 (D. Minn. Mar. 27, 2009) (finding that the AAO's reliance on information provided by AACRAO to deny I-140 Petition was not arbitrary and capricious).

[10] Indeed, this conclusion is supported by USCIS's administrative decisional law.  See Matter of Shah, 17 I. & N. Dec. 244, 245 (Reg. Comm'r 1977) (finding a three-year Bachelor of Science from an Indian university not equivalent to a United States baccalaureate degree, which usually requires four years of study).

AO 72A
(Rev.8/82)

contention that Nukathoti's education satisfied the "advanced degree" requirement and the minimum specifications of the labor certificate. (Defs.' SMF, Dkt. [13-1] ¶¶ 45-48.)  The AAO, however, chose not to rely on these materials because they (1) failed to compare the beneficiary's education in India to a United States master's degree program, (2) failed to address the actual courses of study followed by the beneficiary, (3) were not peer reviewed and did not rely on peer reviewed material in reaching their conclusions, and (4) contained unsubstantiated conclusions.  (Id.)  Thus, the decision not to credit the opinions and evaluations submitted by Viraj was not arbitrary or capricious.[11]

_____

[11] In a case similar to this one, Confluence International, the United States District Court for the District of Maryland upheld the AAO's denial of an I-140 Petition based on its conclusion that the alien's three-year bachelor's degree obtained from an Indian university was not a "foreign equivalent degree" to a United States bachelor's degree:

> [T]he AAO relied on information provided by the American Association of Collegiate Registrar and Admissions Officers, which indicated that a bachelor's degree "awarded in India represents the attainment of a level of education comparable to two or three years of university study in the United States." . . .  Based on that information, the AAO concluded that [the alien]'s mathematics degree was not a "foreign equivalent degree," and affirmed the denial of his I-140 petition.  Although this decision is subject to reasonable dispute, the AAO provided a rational explanation. Therefore, the denial of [the] I-140 petition because [the alien] did not have a "foreign equivalent degree" was not arbitrary and capricious . . . .

In sum, the Court finds that USCIS and the AAO provided rational explanations for their decisions to deny Viraj's I-140 Petition on grounds that Nukathoti did not hold an "advanced degree" or satisfy the minimum education requirements set out in the labor certification.  Therefore, the denial of the Petition was not arbitrary or capricious.[12]  Defendants' Motion for Summary Judgment [13] therefore is **GRANTED** on Viraj's Count I claim.

> ### 2.    *Count II*

In Count II of the Complaint, Viraj claims that the denial of its I-140 Petition violated the equal protection clause of the Fourteenth Amendment. (Dkt. [1] ¶¶ 29-31.)  The Complaint states, "It is hard to imagine that USCIS would reject any 2-year master's degrees issued by the United States universities preceded by the same 3-year Indian Bachelor's degree."  (Id. ¶ 30.) Thus, Viraj alleges, "the [denial] . . . [was] based on . . . cultural discrimination against the Indian educational system in violation of equal protection of the 14th Amendment of the United States Constitution."  (Id. ¶ 31.)

---

2009 WL 825793, at *4.

[12] In light of this finding, the Court need not consider the AAO's alternative bases for denying the petition.

23

Viraj, however, has failed to put forward any evidence to support the allegation that the denial of his I-140 Petition was based on cultural or any other form of discrimination.  Defendants' Motion for Summary Judgment [13] therefore is **GRANTED** on Viraj's Count II claim

### III.   Plaintiffs' Cross-Motion for Summary Judgment [28]

Viraj also moves the Court for summary judgment on the claims raised in its Complaint.  (See generally Dkt. [28].)  For the reasons the Court has granted Defendants' Motion for Summary Judgment (see Part II, supra), Plaintiffs' cross motion is **DENIED**.

### Conclusion

In accordance with the foregoing, Defendants' Motion for Summary Judgment [13] is **GRANTED** and Plaintiffs' Cross Motion for Summary Judgment [28] is **DENIED**.  The Clerk is directed to enter judgment in favor of Defendants and to close the case.

AO 72A
(Rev.8/82)

**SO ORDERED**, this  8th  day of May, 2013.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)